**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:09 CR 226 PS |
| | ) | |
| TY BROCK | ) | |

## OPINION AND ORDER

On January 12, 2010, I held a hearing on Defendant Ty Brock's Motion for Review of Detention Order of Magistrate Judge Paul Cherry. This order reduces to writing the Court's findings of fact and rulings previously made on the record.

There is a statutory rebuttable presumption of detention in this case because Brock has been indicted by a grand jury for an offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*). *See* 18 U.S.C. § 3142(e). Because Brock has been indicted, the Court need not make an independent finding of probable cause to invoke the presumption. Rather, the indictment itself establishes probable cause that Brock committed the offense and triggers the presumption that Brock poses a danger to the community and is a flight risk. So Brock must present sufficient evidence to rebut the presumption. He has failed to do so, and so for the reasons previously stated on the record, and those detailed below, I find that Brock's detention is proper.

The factors that I must consider in deciding whether detention is appropriate are set forth at Title 18, United States Code, Section 3142(g). The first factor is the nature of the offense that Brock is charged with committing, including whether the offense is a crime of violence or involves a narcotic drug. *See* 18 U.S.C. § 3142(g)(1). Brock is charged with a crime of

violence, in particular carrying and possessing firearms in furtherance of a drug trafficking crime. And he was also charged with a crime involving narcotic drugs. This factor weighs in favor of detention. The second factor that this Court must consider is the weight of the evidence against Brock. 18 U.S.C. § 3142(g)(2). It appears from the evidence presented to me at this point that the Government's case against Brock is quite strong. The Government's evidence indicates that Brock had drugs at his feet at the time of the stop, while he was carrying a gun. Brock has not provided any evidence to rebut the facts presented by the Government at this point, so this factor also weighs in favor of detention.

The third factor I must weigh is Brock's character, physical and mental condition, family ties, employment situation, financial resources, length of residence in the community, community ties, and criminal history. 18 U.S.C. § 3142(g)(3). Brock's younger brother, Kyle Brock testified that his brother would have the support of his family if he were released. He also testified that his brother has never hurt anyone to his knowledge. But I also have to take into account his physical and mental condition and criminal history. Brock has been arrested three prior times, and one of these arrests involved the possession of marijuana and a weapon. And the evidence presented to me suggests that Brock uses narcotics. Given the similarity between the circumstances of this arrest and the prior arrest, as well as his drug use, this factor weighs in favor of detention.

The fourth factor I must consider is the nature and seriousness of the danger to any person or the community posed by Brock's release. 18 U.S.C. § 3142(g)(4). This factor favors detention as well. When Brock was arrested, he was carrying a loaded weapon. The arresting officers found a plate containing a substance that tested positive for heroin near his feet in the

front seat of the vehicle. A logical inference from this evidence is that Brock was using narcotics at the time of his arrest while he was carrying a loaded gun. This evidence indicates that Brock's release poses a serious threat to the community so this factor also favors detention.

All four factors militate in favor of detention, and so detention is appropriate.

For the foregoing reasons, this Court finds that no combination of conditions could reasonably protect the safety of the community. Magistrate Judge Cherry's November 19, 2009 Order is affirmed, and the Defendant's Motion for Review of Detention Order (DE 14) is **DENIED**.

**SO ORDERED**.

ENTERED: January 15, 2010

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT